UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANDREW W. ROUSE
1246 Hayes Avenue
Racine, Wisconsin 53405

        Plaintiff,

    vs.                            Case No: 15-CV-64

AGENCY PROMO GROUP, LTD.        **JURY TRIAL DEMANDED**
916 Shootingstar Road
Grayslake, Illinois 60030

        Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Andrew W. Rouse, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against the Defendant, alleges and shows to the Court as follows:

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue in this District is proper pursuant to 28 U.S.C. §1391, because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this district.

1

4.      Plaintiff, Andrew W. Rouse, is an adult male resident of the State of Wisconsin residing in Racine County with a post office address of 1246 Hayes Avenue, Racine, Wisconsin 53405.

5.      Defendant, Agency Promo Group, Ltd., is an Illinois corporation with a principal office post office address of 916 Shootingstar Road, Grayslake, Illinois 60030.

6.      Defendant is an online sales promotional marketing company that provides trade show displays, retractable banner stands, pop up displays, and custom exhibit booths.

7.      At all relevant times to this matter, Plaintiff worked for APG Exhibits.

8.      Upon information and belief, APG Exhibits is a division of Defendant.

9.      Defendant's President and owner is Barbara J. Baron.

10.     APG Exhibits' President is Matthew Baron and owner is Barbara J. Baron.

11.     APG Exhibits has locations in Illinois, Florida, Wisconsin, and Maryland, and services customers worldwide.

12.     Mr. Rouse was employed by Defendant as a non-exempt, hourly employee at Defendant within the three years preceding the filing of this Complaint.

13.     In or about June 2013, Defendant hired Mr. Rouse as a Graphic Artist and Technology Manager of APG Exhibits.

14.     When Defendant offered Mr. Rouse employment as a Graphic Artist and Technology Manager of APG Exhibits, it offered to compensate him at the rate of $15.00 per hour.

15.     When Defendant offered Mr. Rouse employment as a Graphic Artist and Technology Manager of APG Exhibits, it promised Mr. Rouse a raise in compensation to the rate of $17.50 per hour after 30 days of employment.

2

16.     As a Graphic Artist and Technology Manager at Defendant, Mr. Rouse was a non-exempt, hourly employee and earned $15.00 to $17.00 per hour.

17.     Mr. Rouse was employed on a full-time basis (approximately forty (40) hours or more per work week) as a Graphic Artist and Technology Manager.

18.     As a Graphic Artist and Technology Manager, Mr. Rouse's job duties and responsibilities included, but were not limited to, designing the APG Exhibits website and providing technical support for information technology services.

19.     As a Graphic Artist and Technology Manager, Mr. Rouse reported to Matthew Baron.

20.     As a Graphic Artist and Technology Manager, Mr. Rouse worked remotely and communicated with Mr. Baron via Skype.

21.     During Mr. Rouse's employment at Defendant, Mr. Rouse was scheduled to work for Defendant from 8:00 a.m. to 5:00 p.m., Monday through Friday with a one-hour lunch break.

22.     During Mr. Rouse's employment at Defendant, Mr. Baron directed Mr. Rouse to work via Skype when he (Mr. Baron) saw Mr. Rouse was online at 7:30 a.m.

23.     During Mr. Rouse's employment at Defendant, Mr. Rouse was allowed no more than thirty (30) minutes for a lunch break each day.

24.     During Mr. Rouse's employment at Defendant, Mr. Baron regularly instructed Mr. Rouse to work outside of his scheduled hours of 8:00 a.m. to 5:00 p.m. Monday through Friday.

25.     While Mr. Rouse was employed at Defendant as Graphic Artist and Technology Manager, Defendant required Mr. Rouse to perform personal work for Mr. Baron, in addition to his Graphic Artist and Technology Manager duties, including, but not limited to, renovating Mr. Baron's condominium in Chicago, Illinois.

3

26.    During his employment at Defendant, Mr. Rouse regularly and frequently worked in excess of forty (40) hours per week.

27.    During Mr. Rouse's employment at Defendant, Defendant suffered or permitted Mr. Rouse to work without appropriately compensating Mr. Rouse for each hour worked.

28.    During Mr. Rouse's employment at Defendant, Defendant frequently paid Mr. Rouse for eighty (80) hours over a pay period of two weeks, though Mr. Rouse worked in excess of forty (40) hours in each week covered by the pay period.

29.    For each pay period between June 15, 2013 through August 22, 2014, Defendant deducted from its compensation to Mr. Rouse withholdings for federal income taxes, federal Social Security taxes, Medicare taxes, and Wisconsin state income taxes.

30.    For the pay period of April 5, 2014 through April 18, 2014, Defendant deducted eight (8) hours from Mr. Rouse's compensable time.

31.    When Mr. Rouse inquired to Mr. Baron about the eight (8) hour deduction for the pay period of April 5, 2014 through April 18, 2014, Mr. Baron stated it was due to Mr. Rouse "inconveniencing a production manager," or words to that effect.

32.    Mr. Rouse did not give his authorization, written or verbal, for the eight (8) hour deduction from his compensable time for the pay period of April 5, 2014 through April 18, 2014.

33.    For the pay periods covering June 15, 2013 through August 22, 2014, Defendant frequently changed the hourly rate for which it compensated Mr. Rouse without Mr. Rouse's consent, approval, agreement, or advanced knowledge.

34.    For the pay periods covering June 15, 2013 through December 13, 2013, Defendant paid Mr. Rouse at a rate of $15.00 per hour.

4

35.     Defendant did not give Mr. Rouse a raise to the hourly rate of $17.50 per hour after 30 days of employment as it promised at the time Defendant hired Mr. Rouse.

36.     For the pay periods covering December 14, 2013 through January 10, 2014, Defendant paid Mr. Rouse at a rate of $16.00 per hour.

37.     For the pay period covering January 11, 2014 through January 24, 2014, Defendant paid Mr. Rouse at a rate of $15.00 per hour.

38.     For the pay period covering January 25, 2014 through February 7, 2014, Defendant paid Mr. Rouse at a rate of $16.00 per hour.

39.     For the pay period covering February 8, 2014, through February 21, 2014, Defendant paid Mr. Rouse at a rate of $15.00 per hour.

40.     For the pay periods covering February 22, 2014 through March 21, 2014, Defendant paid Mr. Rouse at a rate of $16.00 per hour.

41.     For the pay periods covering March 22, 2014 through April 18, 2014, Defendant paid Mr. Rouse at a rate of $17.00 per hour.

42.     For the pay periods covering April 19, 2014 through May 30, 2014, Defendant paid Mr. Rouse at a rate of $16.00 per hour.

43.     For the pay period of May 31, 2014 through June 13, 2014, Defendant paid Mr. Rouse at a rate of $17.00 per hour.

44.     For the pay periods of June 14, 2014 through August 22, 2014, Defendant paid Mr. Rouse at a rate of $16.00 per hour.

5

45.     Upon information and belief, Mr. Rouse remains employed by Defendant as of the date of this filing; however, Mr. Rouse is not actively performing any work or services for Defendant and has not provided any work or services for Defendant since on or about August 23, 2014.

## FIRST CAUSE OF ACTION – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED

46.     Mr. Rouse realleges and incorporates paragraphs 1-45 of this Complaint by reference.

47.     At all times material hereto, Mr. Rouse was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

48.     At all times material hereto, Defendant was an employer of Mr. Rouse as provided under the FLSA.

49.     Defendant violated the FLSA by failing to account for and compensate Mr. Rouse for overtime pay for each hour he worked in excess of forty (40) hours each workweek.

50.     Defendant suffered and permitted Mr. Rouse to perform compensable work before and after the end of his scheduled shift without pay for that work.

51.     Defendant was aware or should have been aware that Mr. Rouse was performing compensable work before and after the end of his scheduled shift.

52.     The effect of such practices was for Defendant to deny Mr. Rouse his agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) hours in a workweek.

53.     In perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records for all time worked by Mr. Rouse.

6

54. The FLSA regulates, among other things, the payment of an overtime rate by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of good for commerce. 29 U.S.C. § 20(a)(1).

55. Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

56. Defendant's failure to properly compensate Mr. Rouse for all compensable work time was willfully perpetrated. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Rouse is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay wages, Mr. Rouse is entitled to an award of pre-judgment interest at the applicable legal rate.

57. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Mr. Rouse, for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

58. Mr. Rouse is entitled to damages equal to the mandated overtime pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

59.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION – VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – UNPAID OVERTIME**

60.     Mr. Rouse realleges and incorporates paragraphs 1-59 of this Complaint by reference.

61.     At all relevant times, Mr. Rouse was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r).

62.     At all relevant times, Mr. Rouse was an employee of Defendant within the meaning of Wis. Stat. § 103.001(5).

63.     At all relevant times, Mr. Rouse was an employee of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

64.     At all relevant times, Defendant was an employer of Mr. Rouse within the meaning of Wis. Stat. § 109.01(2).

65.     At all relevant times, Defendant was an employer of Mr. Rouse within the meaning of Wis. Stat. § 103.001(6).

66.     At all relevant times, Defendant was an employer of Mr. Rouse within the meaning of Wis. Stat. § 104.01(3)(a).

67.     At all relevant times, Defendant was an employer of Mr. Rouse within the meaning of Wis. Admin. § DWD 272.01(5).

68.     At all times material hereto, Mr. Rouse regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

8

69.    At all times material hereto, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Mr. Rouse overtime compensation.

70.    The foregoing conduct, as alleged above, constitutes a willful violation of the Wisconsin Wage Payment and Collection Laws ("the WWPCL").

71.    Defendant willfully failed to pay Mr. Rouse overtime compensation for all hours worked in excess of forty (40) hours a week, in violation of the WWPCL.

72.    As set forth above, Mr. Rouse sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Rouse seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Mr. Rouse may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

73.    Mr. Rouse seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**THIRD CAUSE OF ACTION – VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – FAILURE TO PAY AGREED UPON WAGE**

74.    Mr. Rouse realleges and incorporates paragraphs 1-73 of this Complaint by reference.

75.    Mr. Rouse has been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Mr. Rouse pursuant to Wis. Stat. § 109.03.

9

76.     Defendant violated the WWPCL by failing to properly compensate Mr. Rouse for each hour he worked by willfully engaged in inaccurate timekeeping as described above.

77.     As set forth above, Mr. Rouse sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Rouse seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Rouse may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

78.     Mr. Rouse seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**FOURTH CAUSE OF ACTION – VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – UNAUTHORIZED DEDUCTION OF WAGES**

79.     Mr. Rouse realleges and incorporates paragraphs 1-78 of this Complaint by reference.

80.     Mr. Rouse is an employee of Defendant who earned wages subject to Wis. Stat. § 103.455.

81.     Mr. Rouse did not at any time authorize Defendant in writing to make any deduction, nor did Defendant and a representative designated by Mr. Rouse determine that any defective or faulty workmanship, loss, theft or damage was due to Mr. Rouse's negligence, carelessness, or willful and intentional conduct, nor was Mr. Rouse found guilty or held liable in a court of competent jurisdiction by reason of any negligence, carelessness, or willful and intentional conduct.

82.     Defendant violated Wis. Stat. § 103.455 when it made a deduction from Mr. Rouse's wages in the absence of his written authorization to make such deduction.

10

83.     As set forth above, Mr. Rouse sustained losses in his compensation as a proximate result of Defendant's violations.  Accordingly, Mr. Rouse seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 103.455, Mr. Rouse may recover twice the amount of the deduction.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

2.  Issue an Order directing and requiring Defendant to pay Mr. Rouse damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

3.  Issue an Order directing and requiring Defendant to pay Mr. Rouse damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

4.  Issue an Order directing and requiring Defendant to pay Mr. Rouse damages in the form of reimbursement for wages unlawfully deducting Mr. Rouse's wages in the absence of his written authorization to make such deduction pursuant to Wis. Stat.

11

§ 103.455.

5. Issue an Order directing and requiring Defendant to pay Mr. Rouse liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to him;

6. Issue an Order directing Defendant to reimburse Mr. Rouse for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

7. Grant to Mr. Rouse whatever other relief this Court deems just and equitable.


**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 19th day of January, 2015.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


**s/ *Jesse R. Dill***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com